**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                      No. 95-5435

CHRISTOPHER DICKERSON,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-94-511)

Argued: January 29, 1996

Decided: March 12, 1996

Before WILKINSON, Chief Judge, HAMILTON, Circuit Judge,
and BLAKE, United States District Judge for the District of
Maryland, sitting by designation.

_____

Vacated and remanded for resentencing by published opinion. Judge
Hamilton wrote the opinion, in which Chief Judge Wilkinson and
Judge Blake joined.

_____

**COUNSEL**

**ARGUED:** William Graham Otis, Senior Litigation Counsel,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellant. Joseph N. Bowman, Alexandria, Virginia, for
Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Alex-
andria, Virginia, for Appellee.

**OPINION**

HAMILTON, Circuit Judge:

The United States (the government) appeals the sentence of Christopher Dickerson (Dickerson) imposed by the district court following Dickerson's plea of guilty to felony attempted escape from custody, see 18 U.S.C.A. § 751(a) (West Supp. 1995). The government contends that the district court erroneously concluded that Dickerson did not qualify as a career offender under United States Sentencing Commission, Guidelines Manual (USSG), § 4B1.1 (Nov. 1994). Because we conclude that the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), in the abstract, "involves conduct that presents a serious potential risk of physical injury to another," USSG § 4B1.2(1)(ii), we vacate Dickerson's sentence and remand for resentencing.

I.

The relevant facts of this appeal are straightforward. On July 1, 1993, while serving a felony murder sentence of twenty years to life at the Lorton Reformatory, a federal maximum security prison, in Lorton, Virginia, Dickerson attempted to escape from custody through an opening in the perimeter fence that he and two fellow inmates, aided by a pair of wire cutters, had just created. Hearing gunfire, Dickerson retreated toward an interior building where he was apprehended and subsequently charged by a federal grand jury in an indictment that read, in pertinent part, as follows:

> On or about July 1, 1993, at the Occoquan Facility of the Lorton Reformatory Correctional Complex in Fairfax County, Virginia, in the Eastern District of Virginia, defendant CHRISTOPHER DICKERSON, having been convicted of a felony and lawfully committed to the custody of the Attorney General and her authorized representative, namely, the District of Columbia Department of Corrections, by virtue of Judgment and Commitment Order of the District of

2

Columbia Superior Court, did unlawfully, knowingly, and willfully attempt to escape from such custody.

(Violation of Title 18, United States Code, Section 751(a)).

(J.A. 16). In February 1995, Dickerson pled guilty to this charge.

At Dickerson's sentencing hearing, the government contended that Dickerson should be sentenced as a "career offender" under the Career Offender provision of the Sentencing Guidelines, see USSG § 4B1.1. Dickerson opposed the government's contention on the ground that the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), did not constitute a crime of violence under the Career Offender provision. Agreeing with Dickerson, the district court refused to sentence Dickerson as a career offender.

The district court then calculated Dickerson's total offense level under the Sentencing Guidelines at eleven. In reaching this calculation, the district court used the base offense level provided for the crime of attempting to escape while in custody by virtue of a conviction, see USSG § 2P1.1(a)(1), and then subtracted two levels for Dickerson's acceptance of responsibility, see USSG § 3E1.1. Dickerson had a criminal history category of six, which combined with his total offense level of eleven to produce a sentencing range of twenty-seven to thirty-three months' imprisonment. Within this range, the district court sentenced Dickerson to twenty-seven months' imprisonment. The government noted a timely appeal.

II.

On appeal, the government challenges the district court's refusal to sentence Dickerson as a career offender under the Career Offender provision of the Sentencing Guidelines, see USSG § 4B1.1. Under that provision, a defendant is subject to increased penalties if "(1) the defendant was at least 18 years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.

3

In this case, that Dickerson met the first and third elements of the Career Offender provision is not in dispute--Dickerson was at least 18 years old at the time that he attempted to escape from the Lorton Reformatory and has at least two prior felony convictions for drug trafficking or violent offenses. The debate in this case surrounds the second element; specifically, whether the crime of felony attempted escape from custody, in violation of 18 U.S.C.A.§ 751(a), constitutes a "crime of violence." Because resolution of this question turns primarily on the legal application of a Sentencing Guideline term, our review is plenary. See United States v. Daugherty, 874 F.2d 213, 217 (4th Cir. 1989).

The Career Offender provision of the Sentencing Guidelines, USSG § 4B1.1, does not itself define the term"crime of violence." Instead, its accompanying commentary provides that courts should use the definition of the term "crime of violence" as found in USSG § 4B1.2. See USSG § 4B1.1, comment. (n.1). USSG § 4B1.2 defines the term "crime of violence" as:

>  (1) . . . any offense under federal or state law punishable by imprisonment for a term exceeding one year that--
>
>  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
>  (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The commentary accompanying USSG § 4B1.2 sheds light on the proper application of USSG § 4B1.2(1). For example, Application Note 1 provides that the term "crime of violence" includes a defendant's attempt at committing such offenses. See USSG § 4B1.2, comment. (n.1). Furthermore, Application Note 2 lists ten offenses that are by definition crimes of violence. See USSG § 4B1.2, comment. (n.2). These offenses are murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Id. The

4

commentary also indicates that other nonlisted offenses constitute crimes of violence where "[t]he conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another." Id. Accordingly, in assessing whether a particular offense satisfies the "otherwise clause" of USSG § 4B1.2(1)(ii), "a sentencing court must confine its factual inquiry to those facts charged in the indictment." United States v. Johnson, 953 F.2d 110, 113 (4th Cir. 1991). See also United States v. Neal, 27 F.3d 90, 93 (4th Cir. 1994) (per curiam). If the sentencing court cannot glean the circumstances surrounding the defendant's commission of the crime from the indict- ment, the question for the sentencing court becomes whether that crime, "in the abstract," involves conduct that presents a serious potential risk of physical injury to another. Johnson, 953 F.3d at 114- 15. With the mechanics of USSG § 4B1.2 in mind, we now turn to consider whether the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), constitutes a crime of violence under the Career Offender provision of the Sentencing Guidelines, see USSG § 4B1.1.

The crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), carries a five year maximum term of imprison- ment. Thus, the crime of felony attempted escape from custody is a crime punishable by imprisonment for a term exceeding one year. In addition, USSG § 4B1.2(1)(i) is inapplicable to our analysis because a conviction for felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), does not have, as an element of the offense, the "use, attempted use, or threatened use of physical force against the person of another." See United States v. Vanover, 888 F.2d 1117, 1121 (6th Cir.) (stating that the elements of felony attempted escape from custody under 18 U.S.C.A. § 751(a) are:"(1) attempted . . . escape, (2) from the custody of the Attorney General, his appointed agent, or from a place where the defendant is confined at the direction of the Attorney General, (3) where the custody is by virtue of (a) arrest on a felony charge or (b) conviction of any offense"), cert. denied, 495 U.S. 934 (1989). Furthermore, felony attempted escape from custody does not constitute one of the specifically named crimes of violence in USSG § 4B1.2(1)(ii) or the commentary accompanying USSG § 4B1.2.

5

Under these circumstances, we are left to determine whether "[t]he conduct set forth (i.e., expressly charged) in the count of which [Dickerson] was convicted . . . by its nature, presented a serious potential risk of physical injury to another." USSG § 4B1.2, comment. (n.2). Because the indictment contains very few specific facts concerning the circumstances surrounding Dickerson's attempted escape from custody, the ultimate question that we must decide is whether the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), "in the abstract," involves conduct that presents a serious potential risk of physical injury to another. See Johnson, 953 F.3d at 114-15.

In United States v. Hairston, 71 F.3d 115 (4th Cir. 1995), we recently answered the nearly identical question in the affirmative. In that case, looking only to the fact of conviction and the statutory definition of the crime, we held that the crime of felony escape from custody in North Carolina, see N.C. Gen. Stat.§ 148-45(b)(1), involves conduct that presents a serious potential risk of physical injury to another, thus qualifying as a "violent felony" under the Armed Career Criminal Act, see 18 U.S.C.A. § 924(e) (West Supp. 1995). In reaching this holding, we first concluded that no one could credibly dispute the contention that an overt escape, especially an overt escape from a maximum security prison, inherently presents a serious potential risk of physical injury to another. Hairston, 71 F.3d at 118. We then concluded that even an escape by stealth presented a serious potential risk of physical injury to another. Id.

> Critical to our conclusion [was] the chance that in the case of an escape by stealth, the escapee will be intentionally or unintentionally interrupted by another, for example a prison guard, police officer or ordinary citizen. This encounter inherently presents the serious potential risk of physical injury to another, because the escapee, intent on his goal of escaping, faces the decision of whether to dispel the interference or yield to it. To avoid jeopardizing the success of the escape and further punishment upon capture, the escapee may choose to dispel the interference by means of physical force.

Id.

6

The reasoning of <u>Hairston</u> applies with equal force to the question at hand, and thus, compels the conclusion that, in the abstract, the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), involves conduct that presents a serious potential risk of physical injury to another. Accordingly, it qualifies as a crime of violence under the Career Offender provision of the Sentencing Guidelines, <u>see</u> USSG § 4B1.1. <u>See also United States v. Gosling</u>, 39 F.3d 1140, 1142 (10th Cir. 1994) (holding that the crime of felony escape from custody in North Dakota involves conduct that presents a serious potential risk of physical injury to another, and thus it constitutes a crime of violence under the Career Offender provision of the Sentencing Guidelines).

We note that in applying the reasoning in <u>Hairston</u> to this case, the fact that Dickerson was convicted of attempting to escape from custody, while Hairston was convicted of affirmatively escaping, is of no consequence. First, the commentary to USSG § 4B1.2 specifically recognizes that an attempted crime may constitute a"crime of violence." <u>See</u> USSG § 4B1.2, comment. (n. 1). Furthermore, common sense dictates that an attempted escape presents at least as much risk of physical injury to another as a successful escape.

III.

In sum, we hold that the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), in the abstract, involves conduct that presents a serious potential risk of physical injury to another, and thus, constitutes a crime of violence for purposes of the Career Offender provision of the Sentencing Guidelines, <u>see</u> USSG § 4B1.1. In view of our holding, we remand the case to the district court for resentencing. On remand, Dickerson should be sentenced as a career offender under USSG § 4B1.1.

<u>VACATED AND REMANDED FOR RESENTENCING</u>

7