**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 96-4073

CLARK MCKNIGHT,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-337)

Argued: July 10, 1996

Decided: August 2, 1996

Before WILKINSON, Chief Judge, and HAMILTON and
WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Elisabeth Ann Sachs, Special Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alex-
andria, Virginia, for Appellant. Frank Salvato, Alexandria, Virginia,
for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States (the government) appeals the sentence of Clark-son McKnight (McKnight) imposed by the district court following McKnight's plea of guilty to felony attempted escape from custody, see 18 U.S.C. § 751(a). Relying on the authority of United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 5, 1996) (No. 95-9207), the government contends that the district court erroneously concluded that McKnight did not qualify as a career offender under United States Sentencing Commission, Guidelines Manual (USSG), § 4B1.1 (Nov. 1995). We agree, and therefore, vacate McKnight's sentence and remand for resentencing.

I.

On or about July 18, 1995, McKnight, while serving a twenty-year sentence for two felonies at the Lorton Reformatory, a federal maximum security prison, attempted to escape from custody. Specifically, McKnight hid beside certain ventilation equipment in the recreation yard until nightfall. Eventually, McKnight made his way to the outer perimeter fence. When he neared the top of this fence, a correctional officer spotted him and fired two shots, neither of which injured McKnight, causing McKnight to drop to the ground between the fences and cease movement. Correctional officers then apprehended McKnight and took him into custody without further incident.

A federal grand jury charged McKnight in an indictment that read, in pertinent part, as follows:

> On or about July 18, 1995, at the Occoquan facility of the Lorton Reformatory, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant CLARK MC-

2

KNIGHT, having been convicted of a felony and lawfully committed to the custody of the Attorney General and her authorized representative, namely, the District of Columbia Department of Corrections, by virtue of a Judgment and Commitment Order of the District of Columbia Superior Court, did unlawfully, knowingly and willfully attempt to escape from such custody.

(In violation of Title 18, United States Code, Section 751(a)).

(J.A. 5). In October 1995, McKnight pleaded guilty to this charge.

At McKnight's sentencing hearing in December 1995, the government contended that McKnight should be sentenced as a "career offender" under the Career Offender provision of the Sentencing Guidelines, see USSG § 4B1.1. McKnight opposed the government's contention on the ground that the crime of felony attempted escape from custody, in violation of 18 U.S.C. § 751(a), did not constitute a crime of violence under the Career Offender provision. Agreeing with McKnight, the district court refused to sentence McKnight as a career offender.

The district court then calculated McKnight's total offense level at eleven under the Sentencing Guidelines. In reaching this calculation, the district court used the base offense level provided for the crime of attempting to escape while in custody by virtue of a conviction, see USSG § 2P1.1(a)(1), and then subtracted two levels for McKnight's acceptance of responsibility, see USSG § 3E1.1. McKnight had a criminal history category of VI, which combined with his total offense level of eleven to produce a sentencing range of twenty-seven to thirty-three months' imprisonment. Within this range, the district court sentenced McKnight to twenty-seven months' imprisonment. The government noted a timely appeal.

II.

On appeal, the government challenges the district court's refusal to sentence McKnight as a career offender under the Career Offender

3

provision of the Sentencing Guidelines, see USSG § 4B1.1. Under that provision, a defendant is subject to increased penalties if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.

In this case, the parties do not dispute that McKnight met the first and third elements of the Career Offender provision of the Sentencing Guidelines. The debate here surrounds the second element; whether the crime of felony attempted escape from custody, in violation of 18 U.S.C. § 751(a), constitutes a "crime of violence" under the Career Offender provision of the Sentencing Guidelines. In Dickerson,* under facts materially indistinguishable from this case, we recently answered this question in the affirmative. See 77 F.3d at 777. Under this authority, we vacate McKnight's sentence and remand this case to the district court for resentencing. On remand, the district court should resentence McKnight as a career offender under USSG § 4B1.1.

VACATED AND REMANDED FOR RESENTENCING
_____
*We note that the district court did not have the benefit of our decision in Dickerson when sentencing McKnight.

4