**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 96-4441

MICHAEL WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-8-A)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Timothy J. Shea,
Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Williams pled guilty to escape from custody in violation of 18 U.S.C. § 751(a) (1994), after he walked away from the Minimum Security Facility of Lorton Reformatory without authorization. Finding that the instant offense was a crime of violence and that Williams had two prior drug trafficking convictions, the district court sentenced him as a career offender to a term of 46 months imprisonment. United States Sentencing Commission, Guidelines Manual (Nov. 1995). Williams appeals this sentence. We affirm.

In United States v. Dickerson, 77 F.3d 774, 777 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9207), we held that "the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), in the abstract . . . constitutes a crime of violence for purposes of the Career Offender provision of the Sentencing Guidelines." Williams argues that his case is distinguishable from Dickerson because he escaped from a minimum security facility. His position is without merit because the holding in Dickerson encompasses any escape or attempted escape. Williams contends that Dickerson was wrongly decided; however, as he acknowledges, a panel cannot overrule the decision of a prior panel in this circuit. See Brubaker v. Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2