**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4051

PHILLIP BARRY MCDANIELS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-96-166-BO)

Submitted: July 24, 1997

Decided: August 11, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Peter W. Kellen, Assistant
United States Attorney, Amy Melissa Guy, Third Year Law Student,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phillip Barry McDaniels pled guilty to escape from custody in violation of 18 U.S.C. § 751(a) (1994), and received a sentence of 37 months imprisonment consecutive to the 50-month sentence he was then serving in a minimum security facility. McDaniels contends on appeal that the district court erred in finding that the escape was a crime of violence and sentencing him as a career offender. United States Sentencing Commission, Guidelines Manual , § 4B1.1 (Nov. 1996). We affirm.

McDaniels walked away from his work detail at a golf course at the Federal Correctional Institution at Seymour Johnson Air Force Base in North Carolina. He hitchhiked to South Carolina where he was arrested without incident two days later. He argues that the escape was not a crime of violence. McDaniels acknowledges our holding in United States v. Dickerson, 77 F.3d 774, 777 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9207), that "the crime of felony attempted escape from custody, in violation of 18 U.S.C.A. § 751(a), in the abstract, involves conduct that presents a serious potential risk of physical injury to another, and thus, constitutes a crime of violence for purposes of the Career Offender provision of the Sentencing Guidelines, see USSG § 4B1.1." Our decision in Dickerson encompasses any escape or attempted escape, including escape from a minimum security facility. Williams contends that Dickerson was wrongly decided; however, as he recognizes, a panel cannot overrule the decision of a prior panel in this circuit. See Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2