**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4144

MAURICE PERNELL SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-96-45-4-BR)

Submitted: December 9, 1997

Decided: January 22, 1998

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Maurice Pernell Smith appeals the district court judgment sentencing him to seventy-seven months imprisonment upon his conviction for assault with a dangerous weapon. Appellant contends that the district court erred in sentencing him as a career offender and denying his motion for a downward departure. We affirm.

This court reviews the district court's designation of Smith as a career offender de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996). Appellant's claim that the district court erred by sentencing him as a career offender because one of the prior, state felony crimes for which he was convicted has been reclassified as a misdemeanor is foreclosed by this court's holding in United States v. Johnson, 114 F.3d 435, 444-45 (4th Cir.), cert. denied, 66 U.S.L.W. 3262 (U.S. Oct. 6, 1997). A defendant sustains a conviction on the date his guilt is established and thus the nature of the conviction at the time of the conviction controls the career offender analysis. Id. We decline to review Appellant's claim that the district court erroneously denied his motion for a downward departure based upon the reclassification because the district court understood that it had the discretionary authority to depart on this basis. See United States v. Hall, 977 F.2d 861, 866 (4th Cir. 1992). Further, we deny Appellant's motion to file a supplemental brief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2