**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4027

EVERETTE LEON WAKEFIELD, a/k/a
Tweet,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-97-128)

Submitted: June 15, 1999

Decided: July 20, 1999

Before HAMILTON and MICHAEL, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William D. Richardson, Sr., Greenville, South Carolina, for Appel-
lant. J. Rene Josey, United States Attorney, E. Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Everette Leon Wakefield pled guilty to conspiracy to possess crack cocaine with intent to distribute, <u>see</u> 21 U.S.C. § 841(a) (1994), and was sentenced to a term of 240 months imprisonment. He appeals his sentence, arguing that the district court clearly erred in finding that he obstructed justice by failing to appear for sentencing, <u>see U.S. Sentencing Guidelines Manual</u> § 3C1.1 (1998), clearly erred in denying him an adjustment for acceptance of responsibility, <u>see</u> USSG § 3E1.1, and erred in giving him one criminal history point for a municipal court fine for drawing a weapon in an affray, <u>see</u> USSG § 4A1.1(c). We affirm.

After he entered his guilty plea, Wakefield cooperated with authorities and eventually earned a substantial assistance departure. However, before his first scheduled sentencing hearing in September 1997, Wakefield absconded. He was arrested in New York in February 1998 and returned to South Carolina for sentencing.

At the sentencing hearing in December 1998, Wakefield explained his disappearance by testifying that, before he fled South Carolina, he had given his attorney $160,000 in drug profits to be turned over to the government as part of his cooperation. He said that, two weeks before he was to be sentenced, his attorney told him that he was going to keep the money as his fee,[1] told him that the government did not plan to make a substantial assistance departure, and suggested that he not appear for sentencing. Nevertheless, the district court determined that Wakefield had obstructed justice by willfully failing to appear and that, despite his substantial assistance to the government, his was not such an extraordinary case that an adjustment for acceptance of responsibility would be appropriate.

_____

[1] The government took the attorney to court to recover the money.

2

We review the district court's factual findings concerning obstruction of justice and acceptance of responsibility for clear error, see United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989), and find none. Willfully failing to appear for a judicial proceeding is conduct to which the obstruction of justice adjustment applies. See USSG § 3C1.1, comment. (n.4(e)). The district court found that Wakefield willfully failed to appear as ordered for a judicial proceeding and the facts support this determination.

While a defendant who receives an adjustment for obstruction of justice ordinarily may not benefit from an adjustment for acceptance of responsibility, see USSG § 3E1.1, comment. (n.4), in extraordinary cases both may apply. See id. Wakefield argues that he consistently demonstrated acceptance of responsibility by cooperating fully before he fled to New York and by informing the government after his arrest that $73,000 was in the truck that took him to New York and giving directions to the truck's location.[2] The district court noted that Wakefield had not availed himself of alternatives to flight and only returned to the court's jurisdiction after he was arrested, and concluded that these factors indicated a lack of acceptance of responsibility. See United States v. Miller, 77 F.3d 71, 74-75 (4th Cir. 1996). We agree.

Finally, Wakefield argued in the district court that the criminal history point awarded for drawing a weapon in an affray should be deleted because the offense was similar to certain"offenses and offenses similar to them," such as disorderly conduct and disturbing the peace, which are not counted in computing criminal history. See USSG § 4A1.2(c)(1). The district court decided that the contested criminal history point was correctly awarded because the offense was comparable to the state offense of presenting or pointing a firearm at a person. See S.C. Code Ann. § 13-23-410 (Law Co-op. 1976 & Supp. 1998). The district court's application of the guidelines presents a legal issue which is reviewed de novo. See United States v. Dickerson, 77 F.3d 774, 775 (4th Cir. 1996).

_____

[2] The $73,000 may have been drug money because the money was confiscated and Wakefield cited his providing the information about the money as part of his cooperation.

3

Under § 4A1.2(c)(1), sentences for certain offenses "and offenses similar to them, by whatever name they are known," are not counted except in circumstances not present here.**3** Among the excluded offenses are local ordinance violations unless the local ordinance violation is also a criminal offense under state law. Wakefield argues that this court should use the multiple-factor test applied in some circuits to determine whether offenses are similar to those listed as excludable under § 4A1.2 to determine whether "drawing a weapon in an affray" is similar to "presenting or pointing a firearm." See United States v. Gadison, 8 F.3d 186, 193 (5th Cir. 1993) (following United States v. Hardeman, 933 F.2d 278, 281 (5th Cir. 1991)). **4** However, the question here is a whether drawing a weapon in an affray is also a criminal offense under state law, not merely whether it is similar to a state offense.

In analogous cases where the district court must determine whether a prior state conviction constitutes a crime of violence, this court has approved a categorical approach which focuses on the fact of the conviction and the definition of the prior offense. See United States v. Kirksey, 138 F.3d 120, 124 (4th Cir.), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3232 (Oct. 5, 1998) (No. 97-9400); United States v. Wilson, 951 F.2d 586, 588 (4th Cir. 1991). For those cases where the definition is broad and therefore ambiguous as to whether the offense was actually a crime of violence, the district court may look to the facts contained in the charging document and the jury instructions, if any, to determine whether the defendant committed a crime of violence. See Kirksey, 138 F.3d at 124. The focus is limited to "the facts necessarily decided by the prior conviction." Id. at 125.

Wakefield's municipal court conviction could have been secured for conduct which did not involve a firearm or pointing a firearm. However, undisputed information in the presentence report reveals that the police incident report stated that, after an altercation with

---

**3** They are counted if the sentence was at least a 1-year term of probation or a 30-day term of imprisonment, or if the prior offense was similar to the instant offense.
**4** This court rejected the Hardeman test in United States v. Harris, 128 F.3d 850, 853-55 (4th Cir. 1997), adopting instead an elements-based test.

4

another man, Wakefield pulled out an automatic pistol and pointed it at the man, and that Wakefield pled guilty to the charge. His guilty plea thus establishes, at a minimum, that he unlawfully presented a firearm, not some other weapon. Consequently, we find that the district court did not err in finding that, in Wakefield's case, the municipal ordinance conviction was also a criminal offense under South Carolina law and that one criminal history point for the fine he paid was properly awarded.

We therefore affirm the sentence imposed by the district court. We deny Wakefield's motion for appointment of new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5