UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                     No. 00-4516

CARL W. COBBS,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                     No. 00-7806

CARL W. COBBS,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-174)

Submitted: September 28, 2001

Decided: October 25, 2001

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Theodore N.I. Tondrowski, TONDROWSKI & WICKER, Richmond,
Virginia, for Appellant. Kenneth E. Melson, United States Attorney,

Laura A. Colombell, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carl W. Cobbs was convicted of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West 2000). Cobbs appeals his conviction, sentence, and various orders, alleging errors at trial and sentencing. We affirm.

Cobbs first contends the district erred in denying his motion to suppress. In reviewing a denial of a suppression motion, this court reviews the district court's factual findings for clear error, and its legal findings de novo. *United States v. Johnson*, 114 F.3d 435, 439 (4th Cir. 1997). In addition, the court construes the evidence in the light most favorable to the Government, the prevailing party below. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). A review of the record shows no error. Contrary to Cobbs' assertion, police did not stop his vehicle based on an anonymous tip lacking any indicia of reliability, but rather based on face-to-face reports of four citizens to two different officers, each of which was consistent with the others, within a short span of time.

Cobbs next contends the district court erred by admitting hearsay testimony. Even assuming the evidence complained of was hearsay, because any error in allowing the complained of testimony was invited by Cobbs' attorney, he is prohibited by the invited error doctrine from obtaining any relief on this claim. *See United States v. Jackson*, 124 F.3d 607, 617 (4th Cir. 1997).

Cobbs further contends the district court erred in determining his sentence. Cobbs received an enhanced sentence as an armed career

criminal under 18 U.S.C. § 924(e) (1994). He contends his sentence below should be vacated in light of the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the enhancement was based on prior convictions, and the fact of such prior convictions was neither charged in his indictment nor submitted to the jury for determination. We conclude, however, that *Apprendi* does not affect Cobbs' sentence for being an armed career criminal, as *Apprendi* specifically excluded enhancements based on prior convictions from its holding. *Id.* at 490. Cobbs also contends the district court erred in determining his prior conviction for third degree escape was a crime of violence. We disagree. *See United States v. Dickerson*, 77 F.3d 774, 777 (4th Cir. 1996); *United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995).

Cobbs next argues he received ineffective assistance of counsel at trial. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2001) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Cobbs' ineffective assistance claims are therefore not cognizable in this direct appeal.

Lastly, Cobbs contends, in his pro se consolidated appeal, that the district court abused its discretion by denying his motion for a new trial and his motion objecting to the Government's late filing of a response to that motion. However, in his informal brief Cobbs fails to challenge the district court's denial of his motion objecting to the Government's late filing of a response. By failing to raise this issue in his informal brief, Cobbs has waived it. *See* Fourth Cir. Loc. R. 34(b). Thus, the issue is not properly before the court. Moreover, we find the district court did not abuse its discretion with regard to Cobbs' motion for a new trial.

Accordingly, we affirm Cobbs' conviction and sentence and the district court's denial of his motions. Further, we deny Cobbs' motion

for leave to file a supplemental pro se brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*