**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS WAYNE FITZGERALD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-02-09)

Submitted: October 17, 2003       Decided: October 28, 2003

Before WIDENER, WILKINSON, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory John Ramage, Raleigh, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Wayne Fitzgerald pled guilty to escaping from the Salvation Army Community Corrections Center, in violation of 18 U.S.C. § 751(a) (2000). The presentence investigation report ("PSR") recommended that Fitzgerald be sentenced as a career offender based on the instant offense, his prior felony conviction for selling cocaine, and his two prior felony convictions for escape. The district court adopted the findings in the PSR and sentenced Fitzgerald to forty-three months of imprisonment, to be followed by a three-year term of supervised release.

Fitzgerald's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising two issues: (1) whether the district court erred in finding Fitzgerald to be a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2001), by determining that the instant offense of escape and Fitzgerald's prior escape convictions constituted crimes of violence; and (2) whether Fitzgerald received ineffective assistance of counsel because counsel failed to move for a downward departure based on an overstated criminal history. Fitzgerald was advised of his right to file a pro se supplemental brief but has declined to do so.

We have reviewed the record and conclude that the district court properly sentenced Fitzgerald as a career offender. See United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996).

2

Furthermore, Fitzgerald's claim of ineffective assistance of counsel should be brought, if at all, in a proceeding under 28 U.S.C. § 2255 (2000), because the record in this appeal does not conclusively establish ineffective assistance of counsel. <u>See United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Fitzgerald's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3