**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4456**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SCOTTIE LEE GRAVES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-220)

———————

Submitted:  March 8, 2006                 Decided:  June 2, 2006

———————

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John J. Korzen, Kernersville, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Scottie Lee Graves appeals the sentence of thirty-seven months imposed upon his guilty plea to escape, in violation of 18 U.S.C. § 751(a) (2000). Graves argues on appeal that he was erroneously sentenced as a career offender because escape is not a crime of violence. Further, Graves maintains that, even if he was properly treated as a career offender, the sentence is unreasonable. We affirm.

First, with respect to Graves' treatment as a career offender, we have previously held that the crime of attempted escape, in violation of § 751(a), constitutes a crime of violence for career offender purposes. We observed that escape, "'in the abstract,' involves conduct that presents a serious potential risk of physical injury to another." United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996). It is immaterial that Graves escaped from a nonsecure facility. See United States v. Martin, 378 F.3d 578, 582 (6th Cir. 2004). Accordingly, we find that Graves was properly treated as a career offender.

We also conclude that the sentence imposed was reasonable. After United States v. Booker, 543 U.S. 220 (2005), sentencing courts are no longer bound by the sentencing range prescribed by the sentencing guidelines, which are now advisory. In determining a sentence, courts must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C.A.

§ 3553(a) (West 2000 & Supp. 2005).  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range.  Id.  at 546-47.

Here, the district court recognized that the guidelines are now advisory and correctly calculated Graves' guideline range to be 37-46 months.  The thirty-seven-month sentence imposed is within that range and well within the statutory maximum of five years.  See 18 U.S.C. § 751(a).  Furthermore, the court weighed the relevant § 3553(a) factors in determining Graves' sentence.

We accordingly affirm.  We grant the motion to file a pro se supplemental informal brief, but find the claims raised in that brief to lack merit.  We deny as moot the motion to request appellate disposition and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.  The motion to file supplemental opinion is denied.

AFFIRMED