**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4774

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES NOVIA FARRIOR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge. (CR-03-356-H)

Submitted:  September 8, 2006      Decided:  October 11, 2006

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Novia Farrior pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000), and was sentenced to 179 months in prison. Farrior appeals his sentence, arguing that the district court erred in sentencing him as an armed career criminal. Finding no reversible error, we affirm.

As a preliminary matter, the Government has moved to dismiss the appeal based on Farrior's waiver of his right to appeal as part of his plea agreement. Farrior contends, however, that his appeal is not barred by the appeal waiver, citing United States v. Bowden, 975 F.2d 1080 (4th Cir. 1992). We agree and find Farrior's challenge to his armed career criminal sentence, his only claim on appeal, is outside the scope of his appeal waiver, and we deny the Government's motion to dismiss.

In considering whether the district court properly designated Farrior as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003). Farrior's argument that the district court erred in sentencing him as an armed career criminal based on facts not alleged in the indictment or found by a jury is foreclosed by our recent decision in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006), in which we held

that sentencing courts may rely on prior convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided.  Id. at 282-83.

Farrior does not dispute the fact of the prior convictions, but does argue that there was insufficient evidence to establish that his prior North Carolina breaking and entering conviction was a violent felony as defined by 18 U.S.C. § 924(e)(1) (2000).  A violent felony under 18 U.S.C. § 924(e)(2)(B) "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."  In applying the armed career criminal statute, this court uses a formal "categorical approach," looking only to the statutory definition of the predicate offense and not to the particular circumstances underlying the conviction. United States v. Hairston, 71 F.3d 115, 117 (4th Cir. 1995).  Under this approach, we must make "common-sense judgments about whether a given offense proscribes generic conduct with the potential for serious physical injury to another."  Id.  (citations and internal quotation marks omitted).  Thus, we look to the crime in the "abstract" to see whether the nature of the crime involves "serious

potential risk of physical injury to another." United States v. Dickerson, 77 F.3d 774, 777 (4th Cir. 1996).

Farrior alleges that the Government failed to identify the statute under which he was convicted for breaking and entering and failed to present supporting records that describe the nature of the offense. In addition, Farrior claims that the presentence report contained only an unsubstantiated reference to the prior breaking and entering conviction and failed to identify the source of the information that the breaking and entering conviction stemmed from Farrior breaking into a pawn shop. Burglary, for Armed Career Criminal Act purposes, has been limited to "generic" burglary, defined as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990); see also Bowden, 975 F.2d at 1083 (construing North Carolina burglary convictions for § 924(e) purposes). "[A]n offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Bowden, 975 F.2d at 1084.

The presentence report in this case indicates that Farrior was convicted of "Breaking and Entering, Larceny after

Breaking and Entering," in Cumberland County Superior Court, Fayetteville, North Carolina, after breaking into a pawn shop on June 23, 2001, and removing numerous firearms. The offense of Breaking and Entering is defined in North Carolina as follows:

(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

* * *

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C. Gen. Stat. § 14-54 (2003). This court has held that a violation of N.C. Gen. Stat. § 14-54 is "generic burglary," and constitutes a "violent felony," as defined in 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentencing a defendant as an armed career criminal. Bowden, 975 F.2d at 1085; see also Taylor, 495 U.S. at 598-99. Farrior's conviction falls under N.C. Gen. Stat. § 14-54(a), because he broke and entered a pawn shop, a building, with the intent to commit larceny. We therefore find the district court properly found Farrior's prior breaking and entering conviction is a violent felony for purposes of sentencing him as an armed career criminal.

Accordingly, we deny the Government's motion to dismiss and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are

- 5 -

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED