**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4868

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILLIP TERRY DELANEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:06-cr-00039-ALL)

Submitted:  January 9, 2007        Decided:  January 25, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John R. McGhee, Jr., KAY, CASTO & CHANEY, P.L.L.C., Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Delaney appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Finding no reversible error, we affirm.

## I.

Delaney was completing a sentence of 21 months imprisonment at Bannum Place Community Corrections Center, a half-way house, in Charleston, West Virginia. Nine days before his scheduled release, Delaney called Bannum Place staff and informed them that he was required to work a double shift at Bob Evans and would be returning later than his authorized absence. A staff member called Bob Evans to verify Delaney's reported over-time and discovered that Delaney was not scheduled to work that day and had not reported to work the previous day. Bannum Place placed him on escape status and the Bureau of Prisons issued an authorization to the United States Marshal Service to apprehend and detain Delaney.

Delaney was apprehended at his nephew's house in Huntington, West Virginia, by a team of federal marshals and Huntington police officers. When the officers approached the house, Delaney was quickly apprehended, but his nephew, Jermaine Johnson, fled. Johnson was quickly apprehended by the officers on the scene. A protective search of the house conducted during Delaney's arrest

uncovered a .25 caliber pistol, a .22 caliber long barrel Ruger, a .22 caliber rifle, and a .22 caliber bolt action rifle.

Marshal Seckman, who had arrested Delaney, informed Delaney that someone had to take responsibility for the guns. Since Johnson was a felon at the time of the search, and the firearms were in his home, Johnson was the most likely individual to be charged with the possession of the firearms. However, Delaney told Marshal Seckman that the guns were his, signed a waiver-of-rights form, and then wrote a description of the four firearms on a sheet of paper. His description of the firearms was relatively accurate, and he was charged as a felon in possession of firearms as well as escape. Delaney pleaded guilty to the escape charge but pleaded not guilty to the felon in possession of a firearm charge. Delaney claimed that he was just covering for his nephew when he said that the guns were his. At trial, the jury found him guilty, and he was sentenced to 180 months imprisonment based on the finding of an offense level of 32 and a criminal history category of VI. Delaney appeals.

## II.

Delaney first contends that the district court committed error when it ruled to exclude the results of his polygraph examination. It is well-established in this circuit that polygraph examination results are not admissible. United States v. Prince-Oyibo, 320

F.3d 494, 501 (4th Cir. 2003).  We decline to revisit this per se rule against polygraph evidence here.  Thus, the district court committed no error in excluding Delaney's polygraph results.

Delaney next argues that the district court erred when it denied his motion to exclude his confession.  "An appellate court must make an independent determination on the issue of voluntariness [of a confession].  Although the review of this ultimate issue is to be independent, the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous."  United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987) (internal citations omitted).  Since Delaney does not contest that his confession was completely voluntary, he has no grounds to appeal the district court's decision to deny the motion to exclude.

Delaney next contends that the district court's denial of his motion for a bench trial constituted an abuse of discretion.  This Court reviews the district court's rulings regarding waiver of a jury trial for abuse of discretion.  See United States v. Morlang, 531 F.2d 183, 186-87 (4th Cir. 1975).  The Supreme Court has held that while a defendant has a constitutional right to a jury trial, a defendant does not have a constitutional right to a non-jury trial.  Singer v. United States, 380 U.S. 24, 34-35 (1965).  Moreover, Delaney offers no argument as to how he was prejudiced by the jury trial.  Thus, this argument has no merit.

4

III.

In the wake of <u>Booker</u>, when sentencing a criminal defendant, the district court must properly calculate the sentence range recommended by the guidelines and determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a). <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). We review a sentence for reasonableness. "A sentence falling outside of the properly calculated Guidelines range is not <u>ipso facto</u> unreasonable. But if that sentence is based on an error in construing or applying the Guidelines, it will be found unreasonable and vacated." <u>Id.</u> at 457. "An error of law or fact can render a sentence unreasonable." <u>Id.</u> at 456. This court reviews the district court's factual findings for clear error and its application of the sentencing guidelines de novo. <u>United States v. Daughtrey</u>, 874 F.2d 213, 217 (4th Cir. 1989).

Delaney claims that the district court erred in calculating his sentence when it enhanced his base offense level for two prior crimes of violence pursuant to U.S.S.G. § 2K2.1(a)(2). Delaney contends that his assault on a federal officer and prior escape charges should not be considered crimes of violence because Delaney was not violent towards the federal marshal during the assault and his escape was simply to walk away from the courthouse.

5

The guidelines define "crimes of violence" as "any offense under federal or state law punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical violence against the person of another." U.S.S.G. § 4B1.2(a). Escape is not specifically designated as a crime of violence under the guidelines, but this Court has held that escape (both attempted and actual) is a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another." United States v. Dickerson, 77 F.3d 774, 777 (4th Cir. 1996). Delaney's escape was therefore properly categorized as a crime of violence, whether or not any violence was used during the escape. Regarding the forcible assault charge, a conviction of "forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with [a federal officer]," under § 111(a)(1), "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a). Thus, the district court did not clearly err when it enhanced Delaney's base offense level for two prior crimes of violence.

Delaney next argues that the possession of a firearm cannot be considered "in connection with" his escape charge because the government did not provide any facts to connect the two charges. Delaney contends that he simply walked away from his supervision at Bannum Place and at no time used the firearms found at the scene of

6

his arrest into his escape. A determination that there were sufficient facts to impose a § 2K2.1(b)(5) enhancement is a factual finding and is subject to a two step analysis. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (government has burden of proving facts to support § 2K2.1(b)(5) enhancement by preponderance of the evidence and district court's fact finding is reviewed for clear error). The government must show that the defendant used or possessed a firearm and that such use was in connection with another felony offense. See id. "And while neither 'used' nor 'in connection with' is defined in the Guidelines, these terms are deemed analogous to the terms 'use' and 'in relation to' found in 18 U.S.C. § 924(c). Such 'use' is defined expansively. Thus, a district court may find that a firearm is 'used' 'in connection with' another felony offense if it facilitates or has a tendency to facilitate the felony offense." Id. at 828-29 (internal citations omitted). The district court correctly followed the two step analysis and found by a preponderance of the evidence that Delaney possessed the weapons when he arrived at Johnson's house and had them when the officers arrived to arrest him. The district court also found that Delaney possessed the firearms in connection with his escape by carrying the weapons with him as he moved from place to place. Thus, the district court did not clearly err when it enhanced Delaney's sentence pursuant to § 2K2.1(b)(5).

Delaney's final argument is that the district court erred when it enhanced Delaney's base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Given the polygraph evidence showing Delaney was telling the truth when he said he was not in possession of the firearms, the fact that his nephew fled the scene, the fact that his nephew gave inconsistent testimony regarding the timing of when the firearms arrived, and that Delaney's fingerprints were not found on the firearms, Delaney argues that this corroborating evidence demonstrates that he did not lie when he testified at trial that the guns were not his.

In United States v. Dunnigan, 507 U.S. 87 (1993), the Supreme Court stated:

> Of course, not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury. As we have just observed, an accused may give inaccurate testimony due to confusion, mistake, or faulty memory. In other instances, an accused may testify to matters such as lack of capacity, insanity, duress, or self-defense. H[is] testimony may be truthful, but the jury may nonetheless find the testimony insufficient to excuse criminal liability or prove lack of intent. For these reasons, if a defendant objects to a sentence enhancement resulting from h[is] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same, under the perjury definition we have set out.

Id. at 95. "Upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." Id. at 98. The district court made factual findings that Delaney committed perjury –he denied that the

8

guns were his, a story that was clearly rejected by the jury. Under the circumstances, the obstruction of justice enhancement was proper and the district court did not clearly err.

## IV.

For the foregoing reasons, we affirm Delaney's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED