**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4405**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER REID, a/k/a Batman,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:97-cr-00577)

Submitted:  November 19, 2007      Decided:  December 11, 2007

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Kevin Holmes, THE STEINBERG LAW FIRM, LLP, Charleston, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Reid appeals the district court's order imposing a thirty-seven month sentence following revocation of his supervised release. Reid contends the district court improperly classified his failure to stop for a blue light as a Class A violation. Finding no error, we affirm.

Reid was charged with violating his supervised release in various ways, including driving under the influence, failure to report as instructed, and failing to stop for a blue light, in violation of S.C. Code Ann. § 56-5-750 (2006). The district court found Reid guilty of violating the conditions of his supervised release by being charged with new criminal conduct and sentenced him to thirty-seven months' imprisonment, a term within the guidelines range. The district court based its guidelines calculation in part upon the Government's representation that failing to stop for a blue light was a Grade A violation under USSG § 7B1.1. Reid argues that the district court erred in its calculation because failure to stop for a blue light is not a crime of violence and thus is not a Grade A violation.

The sentencing guidelines for supervised release violations provide that a Grade A violation is comprised of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device

- 2 -

of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

USSG § 7B1.1(a)(1) (2006). Failing to stop for a blue light in South Carolina is punishable by a maximum of three years' imprisonment. S.C. Code Ann. § 56-5-750(B)(1).

Chapter seven of the guidelines, governing probation and supervised release violations, notes that § 4B1.2 defines a "crime of violence." USSG § 7B1.1, cmt. n.2. Section 4B1.2 provides:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2006).

Failing to stop for a blue light does not have as an element the use, attempted use, or threatened use of physical force against another person. See S.C. Code Ann. § 56-5-750; see also United States v. James, 337 F.3d 387, 390 (4th Cir. 2003). Nor is the crime one specifically enumerated as a crime of violence; thus

the question becomes whether it "involves conduct that presents a serious potential risk of physical injury to another."

This question is determined by a "categorical approach," in which the court looks at the statutory definition of the offense, "'and not to the underlying facts of a specific conviction.'" James, 337 F.3d at 390 (quoting United States v. Thomas, 2 F.3d 79, 80 (4th Cir. 1993)). In other words, the sentencing court must ask "whether that crime, 'in the abstract,' involves conduct that presents a serious potential risk of physical injury to another." United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996). In the abstract, failing to stop for a blue light constitutes a crime of violence, as the statute "generally proscribes conduct that poses the potential for serious injury to another." James, 337 F.3d at 390-91. Therefore, the district court properly classified failing to stop for a blue light as a Grade A violation, as it is a crime of violence punishable by a maximum term of more than one year.

Reid argues that a categorical approach is not appropriate for classifying conduct under the guidelines, because the sentencing guidelines differ from the armed career criminal enhancement, which was at issue in James. However, we have adopted such a categorical approach in determining whether a crime is one of violence under the guidelines when the indictment contained "very few facts" specifying the circumstances surrounding the

charge.  <u>Dickerson</u>, 77 F.3d at 776 (holding that felony attempted escape from custody constitutes a crime of violence under the sentencing guidelines).  As the petition for warrant or summons for Reid similarly does not detail the specific circumstances surrounding his arrest for failure to stop for a blue light, the district court properly applied a categorical approach and refrained from engaging in a fact-specific analysis.

For these reasons, the district court properly classified Reid's failure to stop for a blue light as a Class A violation under the sentencing guidelines.  Accordingly, we affirm Reid's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>