**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4442

JAMES HOWELL HAYNES,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-155, CR-98-156, CR-98-157)

Submitted: December 16, 1999

Decided: December 28, 1999

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, United States Attorney, Douglas Cannon, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Howell Haynes pled guilty to three counts of bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), three counts of armed bank robbery, see 18 U.S.C.A. § 2113(d) (West Supp. 1999), and one count of using and carrying a firearm during and in relation to a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1999). Haynes was sentenced to a term of 274 months imprisonment for the bank robbery counts and a consecutive sixty-month sentence for the § 924(c) count. Haynes' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but concluding that, in his view, there are no meritorious issues for appeal. Haynes was informed that he could file a pro se supplemental brief, but has not done so. After a review of the record, we affirm the convictions and the sentence.

First, Haynes challenges the district court's denial of his motion to withdraw his guilty plea to the § 924(c) count. The motion was made four months after his guilty plea to offenses arising from three bank robberies. Haynes alleged that he was innocent of the charge and had entered the plea only to protect his mother, whom he expected to refuse to testify against him. The district court found that Haynes had not demonstrated a fair and just reason for withdrawal. See Fed. R. Crim. P. 32(e); United States v. Hyde, 520 U.S. 670, 671 (1997). Applying the test set out in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), we find that the district court did not abuse its discretion in denying the motion.

Second, the district court did not clearly err in finding that Haynes brandished, displayed, or possessed a firearm during the offense, see U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C) (1998), despite his later assertion that he carried a BB gun rather than a firearm.*

_____

*The enhancement should not have been applied to the First Union Bank robbery in conjunction with a consecutive sentence for the § 924(c)

2

Finally, we find that Haynes was correctly sentenced as a career offender. See USSG § 4B1.1. Haynes had two prior felony convictions for crimes of violence (burglary of a residence and escape) which required a career offender sentence. See USSG § 4B1.2, comment. (n.1); United States v. Dickerson, 77 F.3d 774, 777 (4th Cir. 1996).

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the convictions and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may again move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

count. See USSG § 2K2.4, comment. (n.2). However, the enhancment did not affect the guideline range and is harmless error. See Fed. R. Crim. P. 52(b).

3