**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4931**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN HENRY JENNINGS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior District Judge.  (CR-03-103)

_____

Submitted:  June 14, 2004          Decided:  July 29, 2004

_____

Before WIDENER, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Christopher J. Moran, Columbia, South Carolina, for Appellant. William Kenneth Witherspoon, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Henry Jennings, Jr., appeals his conviction and sentence, after pleading guilty to distributing and possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000) (count one), and possession of a firearm in furtherance of, and using and carrying a firearm during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) (count two). The presentence investigation report ("PSR") recommended that Jennings be sentenced as a career offender. After denying Jennings's motion to withdraw his guilty plea, the district court adopted the PSR's findings and sentenced Jennings to 262 months of imprisonment on count one and sixty months of imprisonment on count two, to be served consecutively. Jennings received eight years of supervised release on count one and five years for count two, to run concurrently.

Jennings's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising three issues: (1) whether the district court erred in denying Jennings's motion to withdraw his guilty plea; (2) whether the district court erred in denying Jennings's motion to depart downward based on an overstated criminal history from his career offender status; and (3) whether the district court erred in sentencing Jennings as a career

offender. Jennings reasserts issues one and three in his pro se supplemental brief and also claims that the district court erred in calculating his criminal history points and that the indictment was invalid.

The district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. <u>United States v. Ubakanma</u>, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. <u>United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. <u>Id</u>. Because Jennings failed to meet this burden, we conclude that the district court did not abuse its discretion in denying Jennings's motion to withdraw his guilty plea. <u>See</u> <u>United States v. Lambey</u>, 974 F.2d 1389 (4th Cir. 1992) (en banc).

Both Jennings and counsel raise the issue of whether the district court erred in sentencing Jennings as a career offender. Jennings maintains that his prior state conviction for attempted escape was not a felony, while counsel maintains that the crime of attempted escape is not a crime of violence. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 4B1.1 (2002). The district court's factual findings are reviewed for clear error, and its application of the sentencing guidelines is reviewed de novo. <u>United States v. Daughtrey</u>, 874 F.2d 213, 217 (4th Cir. 1989). Because the crime of

attempted escape is punishable by imprisonment for a term exceeding one year and involves conduct that presents a serious potential risk of physical injury to another, we conclude that the district court did not err in sentencing Jennings as a career offender. See S.C. Code Ann. § 24-13-410 (Law. Co-op. 1991); United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996).

Counsel also raises the issue of whether the district court erred in denying Jennings's request for a downward departure based on an overstated criminal history from his career offender status. A sentencing court's decision not to depart is not reviewable unless the court's decision is based on a mistaken view that it lacks authority to do so. United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). We dismiss this claim because the district court's comments during sentencing reflected that the court understood its ability to depart downward based on an overstated criminal history.

Finally, Jennings claims in his pro se supplemental brief that the district court incorrectly calculated his criminal history points, the indictment was invalid because it was amended by the Government without being approved by the grand jury, and the indictment was never signed by the grand jury foreperson. We need not review the district court's calculation of Jennings's criminal history points because the district court properly sentenced Jennings as a career offender. Further, a voluntary guilty plea

normally forecloses claims based on non-jurisdictional pre-plea defects. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973).

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we deny Jennings's motion for appointment of new counsel and affirm Jennings's conviction. We also affirm Jennings's sentence but dismiss the portion of the appeal that challenges the district court's decision not to depart. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART