In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4093

United States of America,

Plaintiff-Appellee,

v.

Warren J. Brazeau,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99 CR 66--Barbara B. Crabb, Judge.

Argued September 12, 2000--Decided January 17, 2001

Before Posner, Coffey, and Manion, Circuit Judges.

Manion, Circuit Judge.  Warren Brazeau was
convicted of being a felon in possession of a
firearm and was sentenced to 33 months in prison.
Brazeau appeals his sentence, arguing that the
district court incorrectly set his base offense
level by wrongly treating a prior state
conviction for possession of a short-barreled
shotgun as a crime of violence. Because we agree
with the district court that possession of a
short-barreled shotgun constitutes a crime of
violence for purposes of the Sentencing
Guidelines, we affirm.

I.  Background

In 1994, Warren Brazeau sold a confidential
informant a short-barreled shotgun in violation
of Wis. Stat. sec. 941.28(2), and for this
offense he was indicted in state court. On
September 7, 1995, Brazeau pleaded no contest,
received a two-year stayed sentence, and was
placed on probation for three years. His
probation ended on September 7, 1998.
A few months later, however, Brazeau was in
trouble with the law again: On November 24, 1998,
two county officers came to the apartment of Cari
Montag in Eagle River, Wisconsin to investigate
the possibility that drugs were being stored in
her apartment. She gave the officers permission

to search the premises. At that time, Brazeau was staying at Montag's apartment. The police did not find any drugs, but they found a .44 Dan Wesson handgun and two .44 Winchester cartridges. Brazeau told the officers that he did not own the handgun, but was keeping it for a friend who used it for hunting. He also told the police that he had been convicted of a felony in 1995 for selling a short-barreled shotgun to an undercover officer. At that time, the officers only confiscated the weapon and ammunition, but Brazeau was later arrested and charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. sec. 922(g).

Brazeau pleaded guilty, but reserved the right to challenge issues concerning the calculation of his sentence under the Sentencing Guidelines. The district court then held a sentencing hearing. In applying the Sentencing Guidelines, the district court concluded that possession of a short-barreled shotgun constituted a "crime of violence" and therefore it assessed Brazeau's base offense level at 20. The district court then enhanced his sentencing level by two points because the firearm seized from Montag's residence was stolen, but the court lowered the offense level by three because Brazeau had accepted responsibility. Based on Brazeau's criminal history category, Brazeau's guideline range was 33-41 months. The district court sentenced Brazeau to 33 months. Brazeau appeals his sentence arguing only that his prior state law conviction for possession of a short-barreled shotgun is not a "crime of violence" under the Sentencing Guidelines.

II. Analysis

Brazeau's underlying conviction in this case was for being a felon in possession of a firearm in violation of 18 U.S.C. sec. 922(g). Under the Sentencing Guidelines, the base offense level for this offense is 20 if the defendant has a "prior felony conviction which is either a crime of violence or a controlled substance offense." U.S.S.G. sec. 2K2.1(a)(4)(A). Commentary Note 5 explains that in determining whether the crime is a "crime of violence," the court should look to U.S.S.G. sec. 4B1.2. Section 4B1.2 in turn defines a "crime of violence" as:

any offense under federal or state law punishable by imprisonment for a term exceeding one year that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. sec. 4B1.2(a)(2).

The district court concluded that possession of a short-barreled shotgun is a "crime of violence" because it "involves conduct that presents a serious potential risk of physical injury to another." This is a legal determination which we review de novo. United States v. Nelson, 143 F.3d 373, 374 (7th Cir. 1998).

To date, three circuits have held that possession of a short-barreled shotgun, i.e. a sawed-off shotgun, constitutes a crime of violence. For instance, in United States v. Hayes, 7 F.3d 144 (9th Cir. 1993), the Ninth Circuit held that possession of a sawed-off shotgun constitutes a crime of violence because it presented a serious potential risk of physical injury to another. In reaching this conclusion, the Ninth Circuit reasoned that "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force." Id. at 145. Similarly, in United States v. Allegree, 175 F.3d 648 (8th Cir. 1999), the Eighth Circuit held that possession of a sawed-off shotgun qualified as a crime of violence "because such weapons are inherently dangerous and lack usefulness except for violent and criminal purposes." Id. at 651. Thus, possession of a sawed-off shotgun "involves conduct that presents a serious potential risk of physical injury to another." Id. Likewise, in United States v. Fortes, 141 F.3d 1 (1st Cir. 1998), the First Circuit held that possession of a sawed-off shotgun was an offense that presents "a serious potential risk of physical injury to another," id. at 7, and thus constitutes a "violent felony."/1

Notwithstanding this precedent, Brazeau argues that possession of a short-barreled shotgun is not a crime of violence. In support of his position, Brazeau cites to Application Note 1 to Section 4B1.2 of the Sentencing Guidelines, which provides that the offense of being a felon in possession of a firearm is not a "crime of violence." Brazeau contends that this demonstrates that a possession crime is not a "crime of violence." While the Guidelines explicitly state that being a felon in possession of a firearm is not a "crime of violence," in this case Brazeau's previous conviction was not for being a "felon in possession of a firearm," but for "possession of a sawed-off shotgun." Thus, Application Note 1 is inapplicable. Moreover, as the Eighth Circuit recognized in Allegree, "[t]he reason [the defendant's] conviction for possession of [a sawed-off

shotgun] counts as a crime of violence is because of the type of weapon involved. This distinguishes his offense from simple possession of a firearm by a felon." Allegree, 175 F.3d at 651. We have also recognized in United States v. Vahovick, 160 F.3d 395 (7th Cir. 1998), that the mere possession of any weapon in a prison may present a serious risk of injury to another, and thus constitutes a "crime of violence." Id. at 397 ("[T]here is simply no acceptable use for a weapon by an inmate in a prison for there always exists in such possession the 'serious potential risk of physical injury to another.'"). Thus, we reject Brazeau's contention that a possession offense cannot constitute a crime of violence. Rather, the question is whether the particular possession of a firearm presents a "serious potential risk of physical injury to another." We agree with the Fifth, Eighth and Ninth Circuits that in this case it does because possession of a sawed-off shotgun--by the very nature of the weapon--always creates a serious potential risk of physical injury to another under the Sentencing Guidelines.

Brazeau also argues that because a sawed-off shotgun may be legally possessed in Wisconsin and under federal law, it is not so inherently risky that its mere possession constitutes a crime of violence. While it is true that federal law provides for the legal registration of sawed-off shotguns, 26 U.S.C. sec. 5861(d), Brazeau's reliance on Section 5861 actually cuts against his argument. Under Section 5861(d) "[o]nly those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand-grenades." Fortes, 141 F.3d at 6. Thus, "the primary reason that unregistered possession of these particular weapons is a crime is the virtual inevitability that such possession will result in violence." United States v. Jennings, 195 F.3d 795, 799 (5th Cir. 1999). See id. at 799, n.4, quoting S. Rep. No. 90-1501, at 28 (1968) (Congress expanded the scope of the National Firearms Act to require registration of certain "destructive devices (such as bazookas, mortars, antitank guns, bombs, missiles, etc.,) machine guns, short-barreled shotguns, and short-barreled rifles [because they] are primarily weapons of war and have no appropriate sporting use or use for personal protection."). The point is that most firearms do not have to be registered--only those that Congress found to be inherently dangerous. If the weapon is not so labeled, mere possession by a felon is not a crime of violence. See Fortes, 141 F.3d at 7. Accordingly, contrary to Brazeau's position, the fact that sawed-off shotguns must be registered

confirms our conclusion that such weapons are inherently dangerous, and the possession of such a weapon constitutes a crime of violence.

III.  Conclusion

Under the Sentencing Guidelines, a crime is a "crime of violence" if it "involves conduct that presents a serious potential risk of physical injury to another." Possession of a sawed-off shotgun is just such a crime because, by its very nature, a sawed-off shotgun always creates a serious risk of physical injury to another. Therefore, the district court properly set Brazeau's base offense level at 20. We AFFIRM.

/1 Fortes considered whether possession of a sawed-off shotgun constitutes a "violent felony" within the meaning of 18 U.S.C. sec.sec. 924(e)(1) and 924(e)(2)(B). However, because the definition of a  violent felony--conduct that presents a serious potential risk of physical injury to another--mirrors the definition of a "crime of violence" under the Guidelines, Fortes is persuasive.