UNITED STATES of America,
Plaintiff–Appellee,

v.

Elliot JOHNSON, Defendant–Appellant.

No. 00–4414.

United States Court of Appeals,
Fourth Circuit.

Argued March 2, 2001.

Decided April 3, 2001.

**ARGUED:** Barry Lynn Proctor, Abingdon, VA, for Appellant. Eric Matthew Hurt, Assistant United States Attorney, Abingdon, VA, for Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Abingdon, VA, for Appellee.

Before WIDENER and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

## OPINION

HAMILTON, Senior Circuit Judge:

Following a jury trial, Elliot Johnson (Johnson) was convicted of possession of cocaine base (crack) with intent to distribute and distribution of crack within 1,000 feet of a public school, 21 U.S.C. §§ 841(a)(1) and 860(a). After concluding that Johnson was a career offender pursuant to United States Sentencing Guidelines Manual (Sentencing Guidelines or USSG) § 4B1.1, the district court sentenced Johnson to 262 months' imprisonment.[1] Johnson appeals his sentence, arguing the district court erred when it concluded that he should be sentenced as a career offender under the Sentencing Guidelines. For the reasons stated below, we affirm.

### I

On April 28, 1999, a Bristol Police Department (BPD) informant purchased crack at Johnson's residence in Bristol, Virginia. Later that day, the BPD obtained a search warrant for Johnson's residence and, shortly thereafter, the BPD conducted a search of his residence. During the search, the BPD seized 5.01 grams of crack from Johnson's bedroom. It was later determined that these events occurred within 1,000 feet of a public school.

On January 13, 2000, Johnson was charged in a single count superceding indictment with possession of crack with intent to distribute and distribution of crack

within 1,000 feet of a public school, 21 U.S.C. §§ 841(a)(1) and 860(a). Following a jury trial, Johnson was convicted.

Johnson was sentenced on May 23, 2000. At sentencing, the district court determined that Johnson was a career offender pursuant to USSG § 4B1.1. The district court found that Johnson was over the age of eighteen at the time of the instant offense and that he had one prior felony conviction for a controlled substance offense, a 1992 New Jersey felony conviction for possession of a controlled substance with the intent to distribute within 1,000 feet of a school, and one conviction for a crime of violence, a 1996 New Jersey conviction for possession of a sawed-off shotgun. As a result of the district court's career offender determination, Johnson's offense level was increased from twenty-eight to thirty-four. Johnson's offense level, coupled with a criminal history category of six, yielded a guideline range of 262 to 327 months' imprisonment. The district court sentenced Johnson to 262 months' imprisonment, and Johnson noted a timely appeal.

### II

The issue presented in this appeal is whether the district court erred when it sentenced Johnson as a career offender under the Sentencing Guidelines. According to Johnson, he is not a career offender because his 1996 New Jersey conviction for possession of a sawed-off shotgun is not a crime of violence.[2]

Under the Sentencing Guidelines, a defendant should be sentenced as a career offender if

---

1. Because Johnson was sentenced in May 2000, the district court used the 1998 version of the Sentencing Guidelines. Unless otherwise noted, all citations to the Sentencing Guidelines refer to the 1998 version.

2. Under New Jersey law, it is unlawful for a person to knowingly possess a sawed-off shotgun. N.J. Stat. Ann. § 2C:39–3(b). Conviction under this section carries a sentence of three to five years. N.J. Stat. Ann. § 2C:43–6(a)(3).

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction,

(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and

(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1. In this case, there is no dispute that Johnson was at least eighteen-years old when he committed the instant offense and that the instant offense is a controlled substance felony offense. There is also no dispute that Johnson has at least one prior felony conviction for a controlled substance offense, the 1992 New Jersey conviction for possession of a controlled substance with the intent to distribute within 1,000 feet of a school. Accordingly, the only remaining question in the case is whether Johnson's 1996 New Jersey conviction for possession of a sawed-off shotgun is a crime of violence under the Sentencing Guidelines.

A "crime of violence" is defined by the Sentencing Guidelines as

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has an element the use, attempted use, or threatened use of physical

force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a).[3] The commentary to USSG § 4B1.2 enumerates certain offenses that are crimes of violence and explains that

[o]ther offenses are ... "crimes of violence" if (A) that offense has an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (*i.e.,* expressly charged) in the count of which the defendant was convicted ..., by its nature, presented a serious potential risk of physical injury to another.

*Id.* § 4B1.2, comment. (n.1).

Possession of a sawed-off shotgun is not one of the offenses enumerated in USSG § 4B1.2(a)(2) or the accompanying commentary. Moreover, this offense does not contain as an element the use, attempted use, or threatened use of physical force.[4] Therefore, possession of a sawed-off shotgun is a crime of violence only if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 4B1.2(a)(2).

---

**3.** As noted in the previous footnote, under New Jersey law possession of a sawed-off shotgun is a crime punishable by imprisonment for a term exceeding one year.

**4.** We have held that when the elements of an offense indicate that it could be committed in two ways, one of which requires a finding that physical force was used and the other of which does not, it is appropriate for a court to look beyond the fact of conviction and the elements of the offense to the charging papers and jury instructions in deciding whether an offense constitutes a crime of violence. *Unit-*

*ed States v. Coleman,* 158 F.3d 199, 202 (4th Cir.1998) (*en banc*). In this case, the elements of possession of a sawed-off shotgun contain no ambiguity that would permit us to look beyond those elements in determining whether that offense is a crime of violence. *Cf. United States v. Martin,* 215 F.3d 470, 472 n. 2 (4th Cir.2000) (holding that the elements of the federal offense of bank larceny contain no ambiguity which would allow the court to look beyond the elements of the offense in determining whether bank larceny constitutes a crime of violence).

■ The Sentencing Guidelines' commentary emphasizes that in determining "whether an offense is a crime of violence ... the offense of conviction (*i.e.*, the conduct of which the defendant was convicted) is the focus of the inquiry." *Id.* § 4B1.2, comment. (n.2). Thus, the Sentencing Guidelines prohibit "a wideranging inquiry into the specific circumstances surrounding a conviction" in determining whether an offense is a crime of violence. *United States v. Johnson*, 953 F.2d 110, 113 (4th Cir.1991). Consistent with the limitations imposed by the Sentencing Guidelines on any factual inquiry, we have stated that:

> [I]n assessing whether a particular offense satisfies the "otherwise clause" of [USSG § 4B1.2(a)(2) ], a sentencing court must confine its factual inquiry to those facts charged in the indictment.... If the sentencing court cannot glean the circumstances surrounding the defendant's commission of a crime from the indictment, the question for the sentencing court becomes whether that crime, in the abstract, involves conduct that presents a serious potential risk of physical injury to another.

*United States v. Dickerson*, 77 F.3d 774, 776 (4th Cir.1996) (citations and internal quotation marks omitted). Thus, under *Dickerson*, a two-part inquiry is required to determine whether an offense is a crime of violence under the "otherwise clause." *Martin*, 215 F.3d at 473. First, we consider the indictment pertaining to the offense of which the defendant was convicted. *Id.* If that effort is unavailing, we consider whether the offense of conviction is a crime of violence in the abstract. *Id.*

The indictment charging Johnson with possession of a sawed-off shotgun is not contained in the record; therefore, we cannot conduct the first inquiry under *Dickerson*. Because we cannot conclude from the indictment that Johnson's 1996 New Jersey conviction for possession of a sawed-off shotgun is a crime of violence, it is necessary to proceed to the second part of the *Dickerson* inquiry, whether possession of a sawed-off shotgun is, in the abstract, a crime of violence.

■ To constitute a crime of violence in the abstract "most, if not all, instances of an offense should involve a serious potential risk of injury." *Martin*, 215 F.3d at 475. When most instances of an offense involve a serious potential risk of injury, we have found the offense to be a crime of violence or a violent felony.[5] *See United States v. Hairston*, 71 F.3d 115, 118 (4th Cir.1995) (holding that escape from custody is a violent felony, relying on "the chance that [even] in the case of an escape by stealth, the escapee will be intentionally or unintentionally interrupted by another" creating the possibility that "the escapee [will] choose to dispel the interference by means of physical force"); *see also Dickerson*, 77 F.3d at 777 (relying on *Hairston* and holding that the offense of attempted escape from custody is a crime of violence because the offense "presents at least as much risk of physical injury to another as a successful escape"); *United States v. Mobley*, 40 F.3d 688, 696 (4th Cir.1994) (holding that pickpocketing is a violent felony because of the likelihood of confrontation); *United States v. Custis*, 988 F.2d 1355, 1363–64 (4th Cir.1993) (attempted breaking and entering of a dwelling consti-

---

**5.** The term "violent felony" is defined in 18 U.S.C. § 924(e), which provides for an enhancement of the sentence of certain defendants convicted of violating 18 U.S.C. § 922(g). Since the language in USSG § 4B1.2(a) is almost identical to the language in § 924(e)(2)(B), our reasoning regarding the meaning of "violent felony" is relevant to determining the meaning of "crime of violence." *Martin,* 215 F.3d at 474 n. 4.

tutes a violent felony because of the substantial risk of confrontation).

In contrast, when most instances of an offense do not involve a serious potential risk of injury, we have declined to find the offense to be a crime of violence. For example, we have held that possession of a firearm by a convicted felon is not a crime of violence because the "danger inherent in the mere possession of a firearm is, in many cases, too highly attenuated to qualify the offense as a *per se* 'crime of violence.'" *Johnson*, 953 F.2d at 115; *see also* USSG § 4B1.2, comment. (n.1) (" 'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon."). Recently, in *Martin*, we concluded that bank larceny is not a crime of violence. 215 F.3d at 475. In that case, we reasoned that the "vast array of means of committing bank larceny that pose no risk of physical injury to another, let alone a serious one," precluded a finding that bank larceny is a crime of violence. *Id.*

Our research reveals that three of our sister circuits have concluded that possession of a sawed-off shotgun constitutes a crime of violence, *United States v. Brazeau*, 237 F.3d 842, 845 (7th Cir.2001); *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir.), *cert. denied*, 528 U.S. 958, 120 S.Ct. 388, 145 L.Ed.2d 303 (1999); *United States v. Hayes*, 7 F.3d 144, 145 (9th Cir.1993), and one has concluded that possession of a sawed-off shotgun constitutes a violent felony under § 924(e), *United States v. Fortes*, 141 F.3d 1, 6–8 (1st Cir.1998). These courts have reasoned that, unlike the possession of a handgun or a shotgun, the possession of a sawed-off shotgun always presents a serious potential risk of physical injury to another. *Brazeau*, 237 F.3d at 845 (possession of a sawed-off shotgun always creates a serious potential risk of physical injury to another); *Allegree*, 175 F.3d at 651 (because

sawed-off shot-guns are "inherently dangerous and lack usefulness except for violent and criminal purposes," possession of a sawed-off shotgun involves conduct that presents a serious potential risk of physical injury); *Hayes*, 7 F.3d at 145 (possession of a sawed-off shotgun is a crime of violence because "sawed-off shotguns are inherently dangerous, lack usefulness except for violent and criminal purposes and their possession involves the substantial risk of improper physical force"); *see also Fortes*, 141 F.3d at 7–8 (concluding that possession of a sawed-off shotgun is a violent felony because the offense presents a serious potential risk of physical injury to another).

While acknowledging the existence of this precedent, Johnson argues that possession of a sawed-off shotgun is not a crime of violence. In support, Johnson directs our attention to our decision in *Johnson* and Application Note 1 to USSG § 4B1.2, both of which support the proposition that the crime of possession of a firearm by a felon is not a crime of violence.

■ Johnson's reliance on our decision in *Johnson* and Application Note 1 to USSG § 4B1.2 is misplaced. The authorities cited by Johnson pertain to the crime of possession of a firearm by a felon and have nothing to do with the markedly different crime of possession of a sawed-off shotgun. The crime involved in this case requires the court to consider whether the possession of a certain *type* of weapon creates a serious potential risk of physical injury to another. The type of weapon possessed is not considered in determining whether the crime of possession of a firearm by a felon is a crime of violence. This critical fact distinguishes this case from the authorities relied upon by Johnson. *Allegree*, 175 F.3d at 651 ("The reason [the defendant's] conviction for possession of [a

sawed-off shotgun] counts as a crime of violence is because of the type of weapon involved. This distinguishes his offense from the simple possession of a firearm by a felon."); *cf. United States v. Huffhines,* 967 F.2d 314, 321 (9th Cir.1992) (holding that the crime of possession of a silencer is a crime of violence because, like a sawed-off shotgun, a silencer "is practically of no use except for a criminal purpose"). In short, we agree with the First, Seventh, and Eighth Circuits that the crime of possession of a sawed-off shotgun is a crime of violence under USSG § 4B1.1 because the possession of such a weapon always creates a serious potential risk of physical injury to another.

### III

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED.*