UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4059

JONATHAN KRAUSE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-212)

Submitted: June 15, 2001

Decided: July 2, 2001

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jonathan Krause pled guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C.A. § 922(g) (West 2000). The probation officer who prepared the presentence report determined that Krause had previously been convicted of three predicate violent felonies as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000), and recommended he be sentenced to the mandatory minimum fifteen year term of imprisonment. Krause conceded two qualifying prior convictions but objected to the use of a prior conviction for possession of a sawed-off shotgun as a predicate offense under the ACCA, arguing that mere possession of a firearm was not a violent felony. The district court overruled Krause's objection, determined that possession of a sawed-off shotgun was a violent felony, and sentenced Krause to the mandatory minimum fifteen year term of imprisonment.

The ACCA provides that a defendant convicted of a weapons offense under § 922(g) shall receive a minimum fifteen year sentence if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1) (West 2000). Of relevance to this case, the term "violent felony" is defined as a crime punishable by over one year imprisonment, that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2)(B)(ii) (West 2000).

On appeal, Krause contends that mere possession of a sawed-off shotgun is not a violent felony under the ACCA. In support of this argument, he cites this Court's decision in *United States v. Samuels*, 970 F.2d 1312 (4th Cir. 1992). We find, however, that *Samuels* is distinguishable, and that our decision in *United States v. Johnson*, 246 F.3d 330 (4th Cir. 2001), controls the outcome of this appeal. In *John-*

*son*, we held that possession of a sawed-off shotgun was a "markedly different crime" than mere possession of a firearm. *Id.* at 334. We joined three other circuit courts of appeals in holding that "possession of a sawed-off shotgun is a crime of violence under USSG § 4B1.1 because the possession of such a weapon always creates a serious potential risk of physical injury to another." *Id.* at 335. This reasoning is equally applicable to the definition of "violent felony" under the ACCA. *See id.* at 334 n.5.

The district court correctly determined that Krause's prior conviction for possession of a sawed-off shotgun was a violent felony and properly sentenced him as an armed career criminal. Accordingly, we affirm Krause's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.

*AFFIRMED*