UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

ARLUCIUS LAMONT ALFORD,

       *Defendant-Appellant.*

No. 02-4081

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-57)

Submitted: August 22, 2002

Decided: September 24, 2002

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Christopher J. Moran, Columbia, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Arlucius Lamont Alford appeals his sentence of 188 months' imprisonment following his plea to one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Alford has filed a pro se supplemental brief, raising essentially the same claims as counsel. Finding no reversible error, we affirm.

Under § 922(g)(1), it is unlawful for a convicted felon to possess a firearm. A person who violates § 922(g) faces a minimum fifteen year term of imprisonment if he has three prior felony convictions for crimes of violence or serious drug crimes. *See* § 924(e). To constitute a crime of violence for purposes of the statute, the potential for injury is determinative.

Alford contests two of the predicate felonies used to classify him as an armed career criminal. In 1994, Alford pleaded guilty to failure to stop for a blue light. In 1997, Alford pleaded guilty to possession of a sawed-off shotgun. The district court counted these two convictions as predicate felonies and enhanced Alford's sentence based on its finding that Alford qualified as an armed career criminal under § 924(e)(1). We review legal issues concerning sentences de novo, *see United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989), as well as the legal determinations attendant to the application of the armed career criminal statute. *See United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

We reject Alford's argument that he was improperly classified as an armed career criminal. In *United States v. Johnson*, 246 F.3d 330, 334 (4th Cir. 2001), we explicitly held that possession of a sawed-off shotgun is a crime of violence because such a weapon has no utility other than for committing dangerous and violence crimes and always involves a substantial risk of physical injury to another. *Id.* at 334-35. Moreover, we have found the risk of injury to be sufficiently high to qualify convictions as predicate crimes of violence, for escape, *see United States v. Hairston*, 71 F.3d 115, 117 (4th Cir. 1995), and pick-

pocketing, *see United States v. Mobley*, 40 F.3d 688, 696 (4th Cir. 1994). We find the potential of violence that could result from the failure to stop for a blue light and the ensuing confrontation between the police officer and the occupants of the vehicle is analogous to potential for violence found in these other crimes.

   We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*