# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3660

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Scott L. Haynes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2005
Filed: November 22, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The Government charged Scott L. Haynes with possession of an unregistered 12-gauge Browning semiautomatic shotgun having a barrel length of less than eighteen inches, being a felon in possession of a 12-gauge Browning semiautomatic shotgun with the same serial number, possession of a stolen shotgun, and possession of a stolen vehicle. A jury convicted Haynes. Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Haynes objected at sentencing to the use of facts not decided by the jury as the basis for increases from the minimum sentence, including the career

offender increase in U.S.S.G. § 4B1.1. The district court[*] consulted the Sentencing Reform Act of 1984, treated the Guidelines as advisory, found Haynes was a career offender, and sentenced him to 360 months in prison. After Haynes's sentencing, the Supreme Court decided United States v. Booker, 542 U.S. ___, 125 S. Ct. 738 (2005) (Sixth Amendment precludes imposition of sentencing increases based on facts (other than earlier conviction) not admitted by the defendant or found by a jury beyond a reasonable doubt).

On appeal, Haynes contends the district court enhanced his sentence under the career offender guideline in violation of Booker. A defendant is a career offender if the offense of conviction is a felony that is a crime of violence and the defendant has at least two earlier felony convictions for crimes of violence. U.S.S.G. § 4B1.1(a); see id. § 4B1.2(a) (defining crime of violence), id. § 4B1.2(c) (defining two earlier felony convictions). Haynes argues a jury, rather than the district court, should have made the findings that Haynes's possession of a sawed-off shotgun and his earlier convictions for residential burglaries were crimes of violence. We have repeatedly rejected this argument, however, holding Booker does not apply to the judicial determination of whether an offense is a crime of violence. See United States v. Smith, 422 F.3d 715, 723 (8th Cir. 2005).

Reviewing the issue de novo, we conclude the offenses were crimes of violence under U.S.S.G. § 4B1.2(a). Smith, 422 F.3d at 722. Possession of a sawed-off shotgun is a crime of violence under U.S.S.G. § 4B1.2(a). United States v. Allegree, 175 F.3d 648, 651(8th Cir. 1999); United States v. Johnson, 246 F.3d 330, 334-35 (4th Cir. 2001). Further, Haynes's residential burglaries are crimes of violence as defined in U.S.S.G. § 4B1.2(a)(2). United States v. Wright, 340 F.3d 724, 735 (8th Cir. 2003).

---

[*]The Honorable John R. Tunheim, United States District Judge for the District of Minnestoa.

Haynes did not challenge the documentation regarding his earlier crimes, and the district court did not have to look beyond the fact of the convictions to determine they were crimes of violence.  See Smith, 422 F.3d at 722-23.

We thus affirm Haynes's sentence.

_____