**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5013**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY DALE CHRISTIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-05-8)

Argued:  November 29, 2006          Decided:  January 24, 2007

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** David Lynn Harmon, Bristol, Virginia, for Appellant. Jennifer Rebecca Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.  **ON BRIEF:** John L. Brownlee, United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Dale Christian appeals his sentence in the Western District of Virginia for stealing firearms from a firearm business, being in possession of a stolen firearm, and being a felon in possession of a firearm. Christian contends on appeal that the district court erred in calculating his sentence by concluding that his two prior convictions for "felony evading arrest" in Tennessee constitute crimes of violence under the United States Sentencing Guidelines (the "U.S.S.G." or the "Guidelines"). As explained below, we affirm.

I.

Christian was indicted on April 4, 2005, for stealing firearms from the business of a federal firearms licensee, in violation of 18 U.S.C. § 922(u), possession of a stolen firearm, in violation of 18 U.S.C. § 922(j), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to all three charges without a plea agreement on June 20, 2005. In preparation for the sentencing hearing, the Probation Office prepared a Presentence Investigation Report (the "PSR"). The PSR determined that Christian had two prior convictions for crimes of violence, which enhanced his base level offense to 24 under U.S.S.G. § 2K2.1(a)(2). Christian received an additional two-level enhancement under U.S.S.G. § 2K2.1(b)(4) because he had stolen the

2

firearms, but he then received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, making his total offense level 23.

During his sentencing hearing on September 27, 2005, Christian objected to his base offense level of 24, maintaining that his two prior convictions for "felony evading arrest" in Tennessee were not crimes of violence as defined in U.S.S.G. § 4B1.2(a)(2). In considering this issue, the court heard evidence from the probation officer regarding these prior convictions and admitted into evidence relevant state court documents.[1] The documents showed that Christian was convicted under Tennessee law for a July 26, 1997, felony evading arrest (the "Class D felony"). The Indictment for that conviction alleged that:

> RICKY D. CHRISTIAN on or about July 26, 1997 . . . . , while operating a motor vehicle on a street in Kingsport, Tennessee, did unlawfully, feloniously, knowingly and intentionally flee from a person known to him to be a law enforcement officer, attempting to arrest the said RICKY D. CHRISTIAN, after having received a signal from said offer to stop the vehicle and in so fleeing did create a risk of injury and death to innocent bystanders and other third parties, in violation of Tennessee Code Annotated, Section 39-16-603, a Class D felony.

---

[1]The state court documents admitted into evidence and considered by the sentencing court are the Indictment and judgment order for the first such offense, and the Information and judgment order for the second offense.

J.A. 44.[2]  Under Tennessee law, a Class D felony has, as an element, the creation of risk of injury or death.  See Tenn. Code Ann. § 39-16-603(b).  The state court documents in evidence also showed that Christian was convicted under Tennessee law for an October 4, 1997, felony evading arrest (the "Class E felony").  The Information for that conviction alleged that:

> RICKY D. CHRISTIAN on or about October 4, 1997, . . . , did unlawfully, feloniously and intentionally, while operating a motor vehicle on a public street, flee from Officer Ken Harr, a law enforcement officer, after having received a signal from the said officer to stop the vehicle, in violation of Tennessee Code Annotated, Section 39-16-603, a Class E felony.

J.A. 37.  Under Tennessee law, a Class E felony does not have, as an element, the creation of risk of injury or death.  See Tenn. Code Ann. § 39-16-603(b).  Christian did not deny, during his sentencing hearing, that he had these two prior felony convictions.  Instead, he objected only to the classification of these convictions as crimes of violence under the Guidelines.

The district court rejected Christian's objection to the classification of these offenses as crimes of violence and adopted the PSR's recommendation on his base offense level.  The court then found Christian to have a total offense level of 23 with a criminal

---

[2]Citations to "J.A. __" refer to the Joint Appendix filed in this appeal.

history category of V.  Christian's advisory Guidelines range was 84 to 100 months, and the court sentenced him to 100 months.[3]

Christian has timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Christian asserts on appeal that the district court erred in its calculation of his advisory Guidelines range.  Specifically, he maintains that the district court erred in determining that his two prior convictions for felony evading arrest in Tennessee constitute crimes of violence under the Guidelines.  Because resolution of Christian's appeal involves the legal application of the Guidelines, we review this contention of error de novo.  See <u>United States v. Dickerson</u>, 77 F.3d 774, 775 (4th Cir. 1996).

---

[3]If the court had concluded that Christian had no prior felony convictions for crimes of violence under the Guidelines, his base offense level would have been 12 instead of 24.  <u>See</u> U.S.S.G. § 2K2.1(a).  With his two-level enhancement for having stolen the firearms and his three-level reduction for acceptance of responsibility, Christian's total base offense level would have been 11 instead of 23.  Given his criminal history category of V, his advisory Guidelines range would have been 24-30 months instead of 84-100 months.  If the court had concluded that Christian had only one prior felony conviction for a crime of violence, his base offense level would have been 20 instead of 24.  <u>See</u> U.S.S.G. § 2K2.1(a).  With his two-level enhancement and three-level reduction, Christian's total base offense level would have been 19 instead of 23.  Given his criminal history category of V, his advisory Guidelines range would have been 57-71 months instead of 84-100 months.

III.

A.

Under U.S.S.G. § 2K2.1(a)(2), a defendant, such as Christian, having been convicted of unlawful receipt, possession, or transportation of firearms or ammunition, receives a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  The Guidelines have defined a crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> > (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2)  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The commentary to section 4B1.2 of the Guidelines indicates that other crimes not listed within this definition can be considered crimes of violence if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2, comment. (n.1).  Thus, a felony conviction is a crime of violence if one of the elements of the crime involves the use of physical force, if the conviction is for one of the specific offenses listed in

6

U.S.S.G § 4B1.2(a)(2), or if the conviction "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "otherwise clause"). U.S.S.G. § 4B1.2(a).

As pertinent to this appeal, Christian was convicted in 1998 on two separate felony evading arrest offenses under Tennessee law. The Tennessee statute, in relevant part, provides that:

> (b)(1)    It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.
>
> . . . .
>
> (3)    A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b). Because Christian's two prior convictions for felony evading arrest are not specifically listed in the Guidelines as crimes of violence and neither conviction has, as a statutory element, the use of physical force against another, a sentencing court could only consider them to be crimes of violence if they satisfy the otherwise clause of U.S.S.G. § 4B1.2(a)(2).

7

B.

In order to properly determine whether a prior offense satisfied the otherwise clause, a court must conduct a two-part inquiry. See United States v. Johnson, 246 F.3d 330, 333 (4th Cir. 2001); United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996). First, the court must "consider the indictment pertaining to the offense of which the defendant was convicted" to determine if the conviction involves a serious potential risk of injury to others. Johnson, 246 F.3d at 333. In so doing, the court must "confine its factual inquiry to those facts charged in the indictment." Dickerson, 77 F.3d at 776 (internal quotation marks omitted). Second, if a court cannot "glean the circumstances surrounding the defendant's commission of the crime from the indictment," it must determine "whether that crime, in the abstract, involves conduct that presents a serious potential risk of physical injury to another." Id. (internal quotation marks omitted). With regard to Christian's Class D felony, a court can readily determine that this conviction involves a serious potential risk of injury to another by examining the face of the indictment. The indictment clearly indicates that an element of the Class D felony, as charged, involved a serious potential risk of injury to another, as it specifically alleges that "in so fleeing [Christian] did create a risk of injury and death to innocent bystanders and other third parties." J.A. 44. Thus, the Class D felony is

properly considered a crime of violence under the Guidelines, and the district court did not err in its determination that this prior conviction was a crime of violence.

C.

On the other hand, the face of the Information on Christian's Class E felony does not clearly indicate whether this conviction presented a serious potential risk of physical injury to another. Thus, we must move to the second prong of the two-part inquiry explained above, and examine the nature of the Class E felony offense to determine if, in the abstract, this offense presents a serious potential risk of injury to another. See Dickerson, 77 F.3d at 776. Under the second prong of the two-part inquiry, we have recognized that, "[t]o constitute a crime of violence in the abstract, 'most, if not all, instances of an offense should involve a serious potential risk of injury.'" Johnson, 246 F.3d at 333 (quoting United States v. Martin, 215 F.3d 470, 475 (4th Cir. 2000)). Furthermore, when evaluating a prior offense under the second prong, a court should also examine whether this type of crime has been determined to be a violent felony, as the language defining a crime of violence under U.S.S.G. § 4B1.2 is nearly identical to (and materially indistinguishable from) that defining a violent felony under 18 U.S.C. § 924(e)(2)(B). See Johnson, 246 F.3d at 333; Martin, 215 F.3d at 474 n.4; Dickerson, 77 F.3d at

9

777.[4]  In addition, the same two-part inquiry must be used to determine if a conviction falls within the otherwise clause for both a crime of violence and a violent felony.  See, e.g., Martin, 215 F.3d at 474-75.  Relevant to this appeal, we have previously concluded that the crime of failure to stop for a blue light constitutes a violent felony under the otherwise clause of 18 U.S.C. § 924(e)(2)(B).  See United States v. James, 337 F.3d 387, 390 (4th Cir. 2003).[5]  In James we concluded that

------

[4]Under 18 U.S.C. § 924(e)(2)(B), a violent felony is defined as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that —
>
> (I)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

(emphasis added).

[5]In James, the crime of failure to stop for a blue light, under South Carolina law, involves a defendant who, while driving a vehicle, disobeys a police officer's signal to stop.  See 337 F.3d at 390-91.  Similarly, Christian's two prior felony convictions for felony evading arrest, under Tennessee law, involve a defendant who, while driving a vehicle, intentionally flees or attempts to elude a police officer after receiving a signal to stop.  See Tenn Code Ann. § 39-16-603(b).

10

> [m]ost cases of failing to stop for a blue light involve the deliberate choice by the driver to disobey the police officer's signal. This disobedience poses the threat of a direct confrontation between the police officer and the occupants of the vehicle, which, in turn, creates a potential for serious physical injury to the officer, other occupants of the vehicle, and even bystanders.

Id. at 391.

Christian maintains that our James decision is not applicable here because the Tennessee statute specifically provides for two different felonies for evading arrest, the distinction being dependent on whether the incident created "a risk of death or injury to innocent bystanders or other third parties." Tenn Code. Ann. § 39-16-603(b)(3). Christian contends that if his Class E felony actually involved the "risk of death or injury to innocent bystanders or other third parties," he would have instead been convicted of a Class D felony. Id. Thus, he maintains that the Class E felony cannot be considered a crime of violence.

The Class D felony under the Tennessee statute, however, does not include conduct as broad as that articulated by the definition of a crime of violence in the Guidelines. The Tennessee statute provides that a defendant can only be convicted of a Class D felony offense if he has actually created a "risk of death or injury to innocent bystanders or other third parties," Tenn Code Ann. § 39-16-603(b)(3), while the Guidelines' definition for a crime of violence is broader, requiring that the prior conviction create "a serious potential risk of physical injury to another." U.S.S.G.

11

§ 4B1.2(a) (emphasis added). Furthermore, the Tennessee statute limits the Class D felony offense to a defendant who has created a risk of injury to "innocent bystanders and other third parties." Tenn Code Ann. § 39-16-603(b). The Guidelines' definition of a crime of violence, however, extends to a defendant who has created a serious potential risk of injury to simply "another." U.S.S.G. § 4B1.2(a). Because a defendant could be convicted for a Class E felony under the Tennessee statute by committing an offense that qualifies under the Guidelines' definition of a crime of violence, the Tennessee statute's distinction between a Class D felony and a Class E felony does not compel the conclusion that a Class E felony should not be considered as creating a serious potential for risk of injury to another. Thus, Christian's prior Class E felony conviction must be evaluated to determine if, in the abstract, this offense would present a serious potential risk of injury to another.

In so evaluating the Class E felony offense, we must rely on James, as it concluded that the failure to stop for a blue light presents a serious potential risk of physical injury, under the otherwise clause, for a violent felony. Given the nearly identical definitions of a crime of violence (under the Guidelines) and a violent felony (under 18 U.S.C. § 924(e)(2)(B) and the Guidelines), our reasoning in James applies here. We thus conclude that Christian's prior Class E felony conviction constitutes a crime of

violence under the otherwise clause of U.S.S.G. § 4B1.2(a) because the Class E felony is an offense that presents a serious potential risk of physical injury to another.  The district court therefore did not err in its determination that Christian's prior Class E felony conviction was a crime of violence in calculating his sentencing range under the Guidelines.

IV.

Pursuant to the foregoing, we affirm Christian's sentence as imposed by the district court.

AFFIRMED