Vacated by Supreme Court, April 21, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4266**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUSTIN BENJAMIN HASTE, JR.,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., District Judge. (1:06-cr-00372-NCT)

───────────

Submitted: July 9, 2007          Decided: July 26, 2007

───────────

Before KING and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Benjamin Haste, Jr., appeals his conviction and 180-month sentence after pleading guilty pursuant to a plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Although Haste concedes he has two predicate offenses for armed career criminal status under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2000), he asserts that a third conviction for felonious possession of a weapon of mass destruction under N.C. Gen. Stat. § 14-288.8 (2005) should not have been considered a "violent felony" under the ACCA. Haste asks the case be remanded to the district court for re-sentencing without an ACCA enhancement. We affirm Haste's conviction and sentence.

As acknowledged by Haste, this court held in United States v. Johnson, 246 F.3d 330 (4th Cir. 2001), that possession of a sawed-off shotgun is a "crime of violence" under the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2006). The language of USSG § 4B1.2(a)(2) the court construed in Johnson ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is identical to the language of the ACCA's definition of violent felony at issue in this case. See Johnson, 246 F.3d at 334 n.5; 18 U.S.C. § 924(e)(2)(B)(ii) (2000).

Based on our holding in Johnson, we conclude that a conviction under that provision constitutes a predicate "violent

felony" conviction under the ACCA.  Accordingly, we affirm Haste's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED