**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4411**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

MARVIN MCDOWELL,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:07-cr-00711-HFF-7)

───────────

Submitted:  April 16, 2010          Decided:  June 17, 2010

───────────

Before MOTZ, KING, and GREGORY, Circuit Judges.

───────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

───────────

Timothy Ward Murphy, LAW OFFICE OF WADE S. KOLB, JR., Sumter,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin McDowell appeals from the 180-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). McDowell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether: (1) the district court complied with Federal Rule of Criminal Procedure 11 ("Rule 11") in accepting McDowell's guilty plea; (2) the record conclusively shows McDowell received ineffective assistance of counsel; and (3) McDowell was properly designated as a career offender. McDowell was advised of his right to file a pro se brief, but has not done so. We affirm the conviction, vacate the sentence, and remand for resentencing.

Prior to accepting a defendant's guilty plea, Rule 11(b)(1) requires the district court to address the defendant in open court and ensure he understands: the nature of the charge against him; any mandatory minimum sentence; the maximum possible sentence, including imprisonment, fine, and term of supervised release; the mandatory special assessment; the applicability of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") and their advisory nature; his

2

right to an attorney at all stages of the proceedings; his right to plead not guilty; his right to a jury trial with the assistance of counsel; his right to confront and cross-examine witnesses; his right to testify on his own behalf as well as his right against self-incrimination; any waiver provision in the plea agreement; the court's authority to order restitution; any applicable forfeiture; and the government's right to use any of his statements under oath in a perjury prosecution. Fed. R. Crim. P. 11(b)(1). The district court must also inform the defendant that he may not withdraw his guilty plea once the court accepts it and imposes a sentence. Fed. R. Crim. P. 11(e). Additionally, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Finally, the district court must ensure the defendant's plea was voluntary and did not come about as a result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2).

Because McDowell did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002); United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, McDowell must show "that error occurred, that the error was plain, and that the error affected

3

his substantial rights." General, 278 F.3d at 393 (internal quotation marks omitted). McDowell does not specify any errors in the plea colloquy and our review of the record reveals that the district court substantially complied with the requirements of Rule 11. Therefore, we find that McDowell's guilty plea was knowing and voluntary.

Counsel also questions whether the record conclusively establishes that McDowell's trial counsel was ineffective. A defendant may raise a claim of ineffective assistance of counsel "on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

4

McDowell has not specified how counsel was ineffective beyond the conclusory allegation in the Anders brief. Moreover, McDowell indicated at the plea hearing that he had ample opportunity to speak with counsel and was fully satisfied with counsel's services. Therefore, we find that the record does not conclusively establish that McDowell received ineffective assistance of trial counsel.

Finally, because the Government has not sought enforcement of the waiver provision in the plea agreement, we next consider McDowell's challenge to his career offender designation. In assessing the district court's application of the Guidelines, including any sentencing enhancements, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009).

To qualify as a career offender: (1) the defendant must have been at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction must have been a felony crime of violence or controlled substance offense; (3) and the defendant must have at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). According to the Presentence Investigation Report, McDowell had two predicate convictions: one for distribution of cocaine and one for failure to stop for

a blue light in violation of South Carolina Code § 56-5-750 (2006). However, counsel argues that McDowell should not be considered a career offender because his conviction for failure to stop for a blue light was not a crime of violence.

Because the language of U.S.S.G. § 4B1.2(a) defining a crime of violence is almost identical to the language in the Armed Career Criminal Act ("ACCA") defining a violent felony, "our reasoning regarding the meaning of 'violent felony' is relevant to determining the meaning of 'crime of violence.'" United States v. Johnson, 246 F.3d 330, 333 n.5 (4th Cir. 2001). Recently we held that, because a violation of the South Carolina blue light statute is a strict liability crime, "under no circumstance" is such a violation "a violent felony under the ACCA." United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010). In light of Rivers, we conclude that McDowell's conviction for failure to stop for a blue light is not a predicate offense for purposes of the career offender enhancement. Therefore, the district court erred in overruling McDowell's objection. Additionally, because McDowell was improperly designated a career offender, we find that the district court committed significant procedural error by failing to properly calculate the applicable Guidelines range. See Gall v. United States, 552 U.S. 38, 51 (2007).

In accordance with <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm McDowell's conviction, but vacate his sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>