**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4613**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellant,

        v.

LORENZO KENYON MASON,

                  Defendant – Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00103-LHT-1)

Submitted:  August 11, 2010          Decided:  August 23, 2010

Before WILKINSON, KING, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Edward R. Ryan, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellant.  Randolph M. Lee, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Kenyon Mason pled guilty pursuant to a plea agreement to one count of unlawful use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006), and was sentenced to sixty months in prison. Mason objected to his presentence investigation report ("PSR") insofar as it relied upon an earlier North Carolina conviction for conspiracy to discharge a weapon into occupied property as a predicate "crime of violence" in recommending that he be sentenced as a career offender under the Sentencing Guidelines. The district court sustained Mason's objection and sentenced him without employing the career offender enhancement. The Government has appealed, arguing that the district court erred when it disregarded the North Carolina conviction as a career offender predicate offense. Because we agree, we vacate Mason's sentence and remand for resentencing.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

2

[18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If, and only if, this court finds the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We review the district court's refusal to classify Mason as a career offender de novo. United States v. Farrior, 535 F.3d 210, 223 (4th Cir. 2008).

In this case, the Government presented the district court with a North Carolina judgment of conviction, which indicated that Mason was convicted of conspiracy to discharge a weapon into occupied property. Because the substantive offense of discharging a weapon into occupied property is a Class E felony, see N.C. Gen. Stat. § 14-34.1 (2009), Mason's criminal judgment appropriately referred to his conspiracy conviction as a Class F felony, in accordance with N.C. Gen. Stat. § 14-2.4 (2009).

Mason does not deny that discharging a weapon into occupied property is a crime of violence, but instead suggests that conspiracy to discharge a weapon into occupied property is not a crime of violence in this instance. In this regard, the

3

Sentencing Commission has determined that "crimes of violence" for purposes of a sentencing enhancement "include the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2 cmt. n.1 (2008) (emphasis added). The Commission's judgment, as the Supreme Court has explained, was premised on its analysis of "empirical sentencing data and presumably reflects an assessment that [aiding and abetting, conspiracy, and attempt offenses] often pose a similar risk of injury as completed offenses." James v. United States, 550 U.S. 192, 206 (2007).

Moreover, we have rejected the notion that a North Carolina conviction for conspiracy to commit a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(b) (2006), required an overt act element before the conspiracy conviction could serve as a predicate conviction under the ACCA's residual provision.[*] See United States v. White, 571 F.3d 365, 370-71 (4th Cir. 2009), cert. denied, 130 S. Ct. 1140 (2010). Rather, Mason's previous conspiracy conviction

---

[*] Because the language defining a violent felony in § 924(e) is nearly identical to and materially indistinguishable from the language defining a crime of violence in USSG § 4B1.2, we look to case law interpreting both sections when examining whether a prior crime falls within these sections. See United States v. Johnson, 246 F.3d 330, 333 & n.5 (4th Cir. 2001).

4

establishes that he and his co-conspirator specifically intended their agreement to discharge a weapon into occupied property to be carried out. See id. at 371 (citing to N.C.P.I.-Crim. 202.80 (2001)). Because a North Carolina conspiracy conviction "presents an immediate, serious, and foreseeable physical risk that arises concurrently with the formation of the conspiracy[, w]hen conspirators have formed a partnership in crime to achieve a violent objective, and when they intend to achieve that object, they have substantially increased the risk that their actions will result in serious physical harm to others[,]" id. at 371, or, as in this instance, that their actions will result in "serious potential risk of physical injury to another." USSG § 4B1.2(a)(2).

It is of no event that Mason's criminal judgment referred to N.C. Gen. Stat. § 14-34.1—the substantive offense—as the statute under which Mason was convicted. Because a conspiracy offense in North Carolina "originated with, and is defined by, the common law[,]" White, 571 F.3d at 367 (citations omitted), the North Carolina conspiracy statute provides only for the punishment to be imposed when an individual is convicted of conspiring to commit a felony. See N.C. Gen. Stat. § 14-2.4 ("[A] person who is convicted of a conspiracy to commit a felony is guilty of a felony that is one class lower than the felony he or she conspired to commit[.]"). We discern no ambiguity in

5

Mason's judgment of conviction that would prevent the conviction contained therein from serving as a career offender predicate offense.

Based on the foregoing, we find that the district court erred when it sustained Mason's objection to his career offender classification. Accordingly, without commenting on the propriety of the calculations in the PSR or the factual findings contained therein, we vacate and remand to the district court for a new resentencing hearing to be conducted consistent with this opinion. We also express no opinion on the substantive appropriateness of the sentence to be imposed on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED